IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK B. KELLER and ANNA KELLER, h/w : : Plaintiffs, : : v. : : SHAW MICHAEL THOMAS and : MILLER TRANSPORTERS, INC. : Defendants. : | : : : CIVIL ACTION : : NO.  02-CV-4063 : : : |

## ANSWER OF DEFENDANT, MILLER TRANSPORTERS, INC.

Defendant, Miller Transporters, Inc., ("Miller") by and through their attorneys, Rawle & Henderson LLP, answer plaintiff's Complaint as follows:

1. Denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint and, therefore, said averments are denied.

2. Denied. Instant defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint and, therefore, said averments are denied.

3. Admitted in part, denied in part. It is admitted that defendant, Miller Transporters, Inc., is a Mississippi corporation with a principal place of business located at 5500 Highway 80 West, Jackson, Mississippi 39209. It is further admitted that Miller Transporters, Inc. conducts business in the Commonwealth of Pennsylvania. The remaining averments are denied as conclusions of law.

4. Admitted in part, denied in part. It is admitted only that defendant, Michael Thomas Shaw, was a representative and/or an agent of defendant, Miller Transporters, Inc., and was acting in the course of his agency relationship at the time of this accident. The remaining averments are denied as conclusions of law.

5. Admitted in part, denied in part. It is admitted that at all times relevant and material to plaintiff's Complaint, defendant, Miller Transporters, Inc., acted through its agent and/or representative. The remaining averments are denied.

0687495.01

6. Admitted in part, denied in part. It is admitted that, at all times material to the Complaint, defendant, Michael Thomas Shaw, was acting as an agent and/or representative of Miller Transporters, Inc. The remaining averments are denied.

7. Denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint and, therefore, said averments are denied.

8. Admitted in part, denied in part. It is admitted only that, at the aforesaid time and place, defendant, Michael Thomas Shaw, was traveling in a southerly direction on Interstate 95. The remaining averments are denied.

9. Denied. Defendant specifically denies any negligence and/or carelessness, and strict proof thereof is demanded at trial.

## COUNT I

## MARK B. KEELER v. SHAW MICHAEL THOMAS

10. Defendant, Miller Transporters, Inc., incorporates by reference its answers to Paragraphs 1 through 9 of the Complaint as if the same were set forth at length herein.

11.(a-p) Denied. Defendant specifically denies any negligence and/or carelessness, and strict proof thereof is demanded at trial. By way of further answer, the averments contained in Paragraph 11 of the Complaint, and its subparts, are conclusions of law to which no responsive pleadings are required and, therefore, said averments are denied.

## COUNT II

## MARK B. KEELER v. MILLER TRANSPORTERS, INC.

12. Defendant, Miller Transporters, Inc., incorporates by reference its answers to Paragraphs 1 through 11 of the Complaint as if the same were set forth at length herein.

13.(a-g) Denied. Defendant specifically denies any negligence and/or carelessness, and strict proof thereof is demanded at trial. By way of further answer, the averments contained in Paragraph 13 of the Complaint, and its

0687495.01

subparts, are conclusions of law to which no responsive pleadings are required and, therefore, said averments are denied.

14. Admitted in part, denied in part. It is admitted that, as an agent of Miller Transporters, Inc., any negligence of Michael Thomas Shaw will be imputed to Miller Transporters, Inc. under the Doctrine of *Respondent Superior*. By way of further answer, it is denied that defendant, Michael Thomas Shaw, was careless or negligent, and strict proof thereof is demanded at trial.

## COUNT II
## MARK B. KEELER v. MICHAEL SHAW THOMAS AND MILLER TRANSPORTERS, INC.

15. Defendant, Miller Transporters, Inc., incorporates by reference its answers to Paragraphs 1 through 14 of the Complaint as if the same were set forth at length herein.

16. Denied. Defendant, Miller Transporters, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Complaint and, therefore, said averments are denied.

17. Denied. Defendant, Miller Transporters, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Complaint and, therefore, said averments are denied. By way of further Answer, the averments contained in Paragraph 17 of the Complaint are conclusions of law which require no responsive pleading.

18. Denied. Paragraph 18 of the Complaint contains conclusions of law to which no responsive pleadings are required and, therefore, said averments are denied.

19. Denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 19 of the Complaint and, therefore, said averments are denied. By way of further answer, the averments contained in Paragraph 19 of the Complaint are conclusions of law which require no responsive pleading.

0687495.01

20. Denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of the Complaint and, therefore, said averments are denied. By way of further answer, Paragraph 20 of the Complaint contains conclusions of law which require no responsive pleading.

21. Denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 21 of the Complaint and, therefore, said averments are denied. By way of further answer, Paragraph 21 of the Complaint contains conclusions of law which require no responsive pleading.

22. Denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 22 of the Complaint and, therefore, said averments are denied. By way of further answer, Paragraph 22 of the Complaint contains conclusions of law which require no responsive pleading.

23. Denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 23 of the Complaint and, therefore, said averments are denied. By way of further answer, Paragraph 23 of the Complaint contains conclusions of law which require no responsive pleading.

24. Denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 24 of the Complaint and, therefore, said averments are denied. By way of further answer, Paragraph 24 of the Complaint contains conclusions of law which require no responsive pleading.

25. Denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 25 of the Complaint and, therefore, said averments are denied. By way of further answer, Paragraph 25 of the Complaint contains conclusions of law which require no responsive pleading.

26. Denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 26 of the Complaint and, therefore, said averments are denied.

27. Denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 27 of the Complaint and, therefore, said averments are denied.

WHEREFORE, Defendant, Miller Transporters, Inc., respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, and grant judgment in favor of said

0687495.01

Defendant and against Plaintiffs and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III
## ANNA KEELER v. MICHAEL SHAW THOMAS
## AND MILLER TRANSPORTERS, INC.

28.  Defendant, Miller Transporters, Inc., incorporates by reference its answers to Paragraphs 1 through 27 of the Complaint as if the same were set forth at length herein.

29.  Denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 29 of the Complaint and, therefore, said averments are denied.

WHEREFORE, defendant, Miller Transporters, Inc., respectfully requests that this Honorable Court dismiss plaintiffs' Complaint with prejudice, deny the relief requested therein, and grant judgment in favor of said defendant and against plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT VI
## ANNA KEELER v. MICHAEL SHAW THOMAS
## AND MILLER TRANSPORTERS, INC.

30.  Defendant, Miller Transporters, Inc., incorporates by reference its answers to Paragraphs 1 through 29 of the Complaint as if the same were set forth at length herein.

31.  Denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 31 of the Complaint and, therefore, said averments are denied.

32.  Denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 32 of the Complaint and, therefore, said averments are denied. By way of further answer, Paragraph 32 of the Complaint contains conclusions of law to which no responsive pleading is required.

0687495.01

WHEREFORE, defendant, Miller Transporters, Inc., respectfully requests that this Honorable Court dismiss plaintiffs' Complaint with prejudice, denied their relief requested therein, and grant judgment in favor of said defendant and against plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

### COUNT IX
### MARK B. KEELER v. MICHAEL SHAW THOMAS AND MILLER TRANSPORTERS, INC.

33.     Defendant, Miller Transporters, Inc., incorporates by reference its answers to Paragraphs 1 through 32 of the Complaint as if the same were set forth at length herein.

34.     Denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 34 of the Complaint and, therefore, said averments are denied.

WHEREFORE, defendant, Miller Transporters, Inc., respectfully requests that this Honorable Court dismiss plaintiffs' Complaint with prejudice, deny the relief requested therein, and grant judgment in favor of said defendant and against plaintiffs, and grant such other and further reliefs as this Honorable Court deems just and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Venue is improper.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the injuries and/or damages alleged by plaintiffs, if any, were cause solely or in part by the negligence, recklessness or intentional acts, of Mark Keller.

### FOURTH AFFIRMATIVE DEFENSE

0687495.01

If the event alleged in the Complaint occurred as alleged by plaintiffs, which is denied, it was caused by Mark Keller, and was in no way caused by an act or omission on the part of the defendants.

### FIFTH AFFIRMATIVE DEFENSE

No conduct on the part of defendants contributed to plaintiffs' injuries and/or damages.

### SIXTH AFFIRMATIVE DEFENSE

Any damages sustained by the plaintiffs, if any, were entirely or substantially caused by the negligence of Mark Keller, including contributory negligence, comparative negligence, and/or the negligence of other parties or persons for whom answering defendant has no responsibility, and not by the culpable conduct or negligence of the defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant claims all defenses available to it under the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Act as set forth in 75 Pa.C.S.A. §1701 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are either barred or should be reduced as a result of Mark Keller own contributory/comparative negligence and/or assumption of the risk.

### NINTH AFFIRMATIVE DEFENSE

Any alleged occurrence complained of by plaintiffs, said occurrence being specifically denied by defendant, was the result of an unavoidable accident.

### TENTH AFFIRMATIVE DEFENSE

Defendant avers that the claims against it are barred by the Doctrine of Latches, Estoppel, Waiver, and/or all statute of limitation provisions.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

### TWELFTH AFFIRMATIVE DEFENSE

0687495.01

This Honorable Court lacks personal jurisdiction over defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Service of process was incomplete as to defendant.

WHEREFORE, defendant, Miller Transporters, Inc., respectfully requests that this Honorable Court dismiss plaintiffs' Complaint with prejudice, deny the relief requested therein,

grant judgment in favor of said defendant and against plaintiffs, and grant such other and further relief as the Honorable Court deems just and proper.

                                Respectfully submitted,
                                **RAWLE & HENDERSON LLP**


                              By: _____
                                  TIMOTHY J. ABEEL
                                  BETH CASTELLI FITT
                                  The Widener Building
                                  One South Penn Square
                                  Philadelphia, PA 19107
                                  (215) 575-4200

                                  Attorneys for Defendants,
                                  Miller Transporters, Inc.

Dated: _____

0687495.01

## CERTIFICATION OF SERVICE

I hereby certify that on this date I served a true and correct copy of the foregoing Defendant, Miller Transporters, Inc., Answer to plaintiff's Complaint, via First Class U.S. Mail, postage prepaid, upon counsel of record listed as follows:

>Steven L. Rovner, Esquire
>Rovner, Allen, Rovner, Zimmerman & Nash
>175 Bustleton Pike
>Feasterville, PA 19053-6456

**RAWLE & HENDERSON LLP**

By: _____
TIMOTHY J. ABEEL
BETH CASTELLI FITT
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

>Attorney for Defendant,
>Miller Transporters, Inc.

Dated: _____

0687495.01